UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARRIE PORTER,

      Plaintiff,                              Case No. 3:19-cv-152

vs.

COMMISSIONER OF SOCIAL SECURITY,      Magistrate Judge Michael J. Newman
                                        (Consent Case)
      Defendant.

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING;
AND (2) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent.  Doc. 5.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1]  This case is before the Court on Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), the administrative record (doc. 6),[2] and the record as a whole.

**I.**

**A.**      **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of March 21, 2014.  PageID 118.  Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*,

---

[1]  "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively."  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2]  Hereafter, citations to the electronically-filed administrative record will refer only to the PageID.

normal pressure hydrocephalus,[3] pseudotumor cerebri,[4] bilateral hypermetropia,[5] and a major depressive disorder. PageID 120.

After denial of her application upon reconsideration, Plaintiff received a hearing before ALJ Kevin R. Barnes on December 15, 2017. PageID 41-64. The ALJ issued a written decision on May 25, 2018 finding Plaintiff not disabled. PageID 118-132. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work, [6] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 123-132. Upon review, the Appeals Council affirmed the ALJ's decision on March 26, 2019, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 28-32. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 118-132), Plaintiff's Statement of Errors (PageID 632-37), and the Commissioner's memorandum in

---

[3] "Normal pressure hydrocephalus (NPH) is an abnormal buildup of cerebrospinal fluid (CSF) in the brain's ventricles, or cavities." *Schlattman v. Colvin*, No. 12-C-10422, 2014 WL 185009, at *1 n. 3 (N.D. Ill. Jan. 14, 2014).

[4] Pseudotumor cerebri is "an unexplained increase in intracranial pressure." *Rawls v. Comm'r of Soc. Sec.*, No. 2:13-CV-0412, 2014 WL 1091042, at *1 (S.D. Ohio Mar. 18, 2014), *report and recommendation adopted*, No. 2:13-CV-00412, 2014 WL 4437290 (S.D. Ohio Sept. 9, 2014).

[5] "Hypermetropia is farsightedness arising from decreased refractivity of the eye's lens." *Oldham v. Berryhill*, No. 2:16-CV-659, 2018 WL 773442, at *3 n. 5 (E.D. Va. Jan. 17, 2018), *report and recommendation adopted*, No. 2:16-CV-659, 2018 WL 773132 (E.D. Va. Feb. 6, 2018).

[6] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed able to also perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

opposition (PageID 642-49). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A.      Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues the ALJ failed to include limitations that she would be off-task and/or absent as a result of headache symptoms.  PageID 632-37.

Although Plaintiff complains of headaches, the medical evidence of record, including the treatment notes of her treating neurologist John M. McGregor, M.D., indicate such symptoms were generally mild, minor, and/or intermittent (managed by adjustment of Plaintiff's shunt), and her MRI findings were unremarkable.[7]  *See* PageID 362, 364-65, 373, 444.  Additionally, while Plaintiff complains of more significant headache symptoms beginning in May 2017, Dr. McGregor notes, and Plaintiff reports, an improvement in the same by September 2017.  PageID 564.

Here, the Vocational Expert ("VE") testified that an individual who would be off-task more than 20% of the day, or absent two or more days in a month because of headaches, would be precluded from performing work on a sustained basis (*i.e.*, disabled per Social Security regulations); however, substantial evidence of record supports the ALJ's conclusion that Plaintiff is not so limited.  *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (finding an ALJ is not required to adopt every limitation even where he or she gives "great weight" to medical source opinions).  Moreover, no medical source of record opines that Plaintiff is limited to the extent she claims as a result of her headaches.[8]

---

[7]  Notably, Dr. McGregor opines shortly after Plaintiff's alleged disability onset date that Plaintiff has "headaches that are manageable," and "[s]he may return to work without restrictions."  PageID 365.

[8]  Plaintiff testified that Dr. McGregor filled out a medical form with regard to her impairments in December 2017. PageID 54-55. Plaintiff's counsel advised the ALJ that if such form existed it would be requested from the treating source.  PageID 55. The ALJ provided Plaintiff five days after the conclusion of the hearing to provide any additional records supporting her claim. PageID 63. In addition, the Appeals Council provided Plaintiff twenty-five days to submit additional evidence for its consideration in June 2018. PageID 36-37. While the record does not include such a medical form, to the extent such evidence does exist, the undersigned notes Plaintiff was given the opportunity to provide the same to the Commissioner for consideration.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (*citing Bowen v. Yuckert,* 482 U.S. at 146 n. 5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his [or her] own medical condition, to do so").

Accordingly, having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed the consistency of Plaintiff's statements regarding her disability with respect to the record as a whole; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five (and in reliance on the VE's sworn testimony), that Plaintiff can perform a significant number of jobs in the national economy.

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:  April 18, 2020                                         s/Michael J. Newman
                                                             Michael J. Newman
                                                             United States Magistrate Judge